UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 1:16-cv-20739-JLK

ZOILA LOPEZ
And other similarly situated care consultants,

    Plaintiff(s),

v.

SEASONS HOSPICE & PALLIATIVE CARE
OF SOUTHERN FLORIDA, INC Florida Profit Corporation
and TODD STERN, Individually,

    Defendant (s).
_____ /

## DEFENDANTS SEASONS HOSPICE & PALLIATIVE CARE OF SOUTHERN FLORIDA, INC. AND TODD STERN'S ANSWER, DEFENSES, AND AFFIRMATIVE DEFENSES TO PLAINTIFF'S COMPLAINT

Defendants, Seasons Hospice & Palliative Care of Southern Florida, Inc. ("Seasons") and Todd Stern ("Stern") (collectively "Defendants"), pursuant to Fed. R. Civ. P. 12, hereby answers the Plaintiff's Complaint as follows:

### "JURISDICTION"

1. Defendants admit that Plaintiff is alleging claims against Defendants under the federal Fair Labor Standards Act ("FLSA") for damages in excess of $15,000, but deny that there is any legal or factual basis for such claims.

2. Paragraph 2 sets forth a legal conclusion to which no response is required.

3. Paragraph 3 sets forth a legal conclusion to which no response is required, except that Defendants are without knowledge as to Plaintiff's residency and, therefore, deny same.

4. Paragraph 4 sets forth a legal conclusion to which no response is required, except that Defendants admit that Seasons' main place of business is in Miami-Dade County and that Plaintiff is a former employee of Seasons.

5. Admitted

6. Paragraph 2 sets forth a legal conclusion to which no response is required.

7. Denied

8. Defendants are without sufficient knowledge to admit or deny the facts alleged in paragraph 8 and, therefore, deny same.

## "FACTUAL ALLEGATIONS COMMON TO ALL COUNTS"

9. Denied, except Defendants admit that Plaintiff was employed as an exempt Care Consultant during the dates indicated.

10. Denied

11. Denied

12. Denied

13. Denied

## COUNT I

### "Wage and Hour Federal Statutory Violation Against SEASONS HOSPICE & PALLIATIVE CARE OF SOUTHERN FLORIDA, INC"

14. Defendants reallege and adopt the responses to the allegations of Paragraphs 1-13, as if fully set forth herein.

15. Seasons admits that Plaintiff is seeking relief in connection with this lawsuit for herself and for others allegedly "similarly-situated," but denies that Plaintiff or any "similarly-situated individuals" are entitled to any of such relief. Seasons further denies that there is any legal or factual basis for Plaintiff's claims with regard to herself or any putative collective action members of whom she seeks to represent. Seasons further denies that a collective action is appropriate, warranted or even lawful in this case.

16. Admitted

17. Denied, except admit that Seasons obtains funds from outside of Florida (primarily, Medicare), uses telephonic transmissions across state lines, and transmits funds outside Florida.

18. Admitted

19. Paragraph 19 sets forth a legal conclusion to which no response is required.

20. Seasons admits that Plaintiff is seeking to recover the damages set forth in paragraph 20, but denies that there is any legal or factual basis for such relief.

21. Denied

22. Denied

23. Denied

Seasons denies that Plaintiff is entitled to any of the relief requested in the unnumbered "WHEREFORE" clause following paragraph 23 of Plaintiff's Complaint.

## COUNT II

### "Wage and Hour Federal Statutory Violation Against Todd A Stern"

24. Defendants reallege and adopt the responses to the allegations of Paragraphs 1-23, as if fully set forth herein.

25. Stern admits that Plaintiff is seeking relief in connection with this lawsuit for herself and for others allegedly "similarly-situated," but denies that Plaintiff or any "similarly-situated individuals" are entitled to any of such relief. Stern further denies that there is any legal or factual basis for Plaintiff's claims with regard to herself or any putative collective action members of whom she seeks to represent. Stern further denies that a collective action is appropriate, warranted or even lawful in this case.

26. Admitted, except denies that Stern has sole authority or power to hire/fire employees or alter their schedule/rate of pay.

27. Paragraph 27 sets forth a legal conclusion to which no response is required.

28. Paragraph 28 sets forth a legal conclusion to which no response is required.

29. Denied

30. Denied, except admit that Seasons obtains funds from outside of Florida (primarily, Medicare), uses telephonic transmissions across state lines, and transmits funds outside Florida.

31. Admitted

32. Paragraph 32 sets forth a legal conclusion to which no response is required.

33. Stern admits that Plaintiff is seeking to recover the damages set forth in paragraph 33, but denies that there is any legal or factual basis for such relief.

34. Denied

35. Denied

36. Denied

Stern denies that Plaintiff is entitled to any of the relief requested in the unnumbered "WHEREFORE" clause following paragraph 36 of Plaintiff's Complaint.

## "JURY DEMAND"

Defendants admit that Plaintiff demands trial by jury.

## AFFIRMATIVE AND OTHER DEFENSES

37. Plaintiff fails to state a claim upon which relief may be granted in Counts I and II of her Complaint because (i) she was properly compensated for all hours worked; and (ii) even if Plaintiff worked in excess of 40 hours per week for any pay period – which she did not -- Plaintiff was properly classified as "exempt" from the overtime provisions of the FLSA.

38. Some or all of Plaintiff's claims are barred or limited by the applicable statute of limitations.

39. Defendants have at all times engaged in good-faith efforts to comply with applicable law, and with reasonable belief that it was so complying, and any violation by it, if any, was inadvertent and not willful or reckless, and consequently Defendants are not liable for liquidated damages, and application of a three-year statute of limitations is not warranted.

40. Plaintiff's claims are barred in whole or in part to the extent Plaintiff seeks compensation in this action for anything other than compensable working time.

41. Plaintiff's claims for unpaid overtime are barred, in whole or in part, because Seasons had established a strict, well-publicized policy and/or practice prohibiting any and all forms of improper payment, including without limitation failure to pay overtime, off-the-clock work, and improper deductions; and because Plaintiff failed or refused to invoke that policy or otherwise bring to the attention of management that she was allegedly not being paid properly.

42. Without conceding that Plaintiff has suffered any damages as a result of any alleged wrongdoing by Defendants, any recovery that Plaintiff may be entitled to as a result of this action must be offset or reduced by any overpayments made by Seasons to Plaintiff, by any amounts of compensation and benefits that Plaintiff would not have otherwise received but for any overtime work, and/or by any amounts of compensation and benefits that Plaintiff received for projects not performed or performed improperly.

43. Plaintiff is not entitled to relief because any alleged acts or omissions by Defendants were in good faith, in conformity with and in reliance on applicable administrative regulations, orders, rules, approval or interpretation, or administrative practices or enforcement policies of the Administrator of the Wage and Hour Division of the United States Department of Labor and/or judicial orders and interpretations with respect to the class of employers to which Seasons belongs.

44. Plaintiff's claims and the time for which Plaintiff seeks compensation under the FLSA are *de minimis*.  Plaintiff's claims are thus barred by the *de minimis* doctrine.

45. Defendant reserves the right to assert such additional defenses as may appear applicable during the course of this litigation.

WHEREFORE Defendants, Seasons Hospice & Palliative Care of Southern Florida, Inc. and Todd Stern, respectfully request that this Court dismiss Plaintiff's Complaint with prejudice, award Defendants its costs and reasonable attorneys' fees incurred in this action, and award any such other and further relief as this Court deems just and proper.

Dated this 7th day of March, 2016.

Respectfully submitted,

OGLETREE, DEAKINS, NASH,
  SMOAK & STEWART, P.C.
701 Brickell Avenue, Suite 1600
Miami, Florida 33131-2813
Telephone:  305.374.0506
Facsimile:   305.374.0456

s/ *Michael R. Tricarico*
 Michael R. Tricarico
 Florida Bar Number 937071
 michael.tricarico@ogletreedeakins.com
 Paul DeBoe
 Florida Bar Number 52051
 paul.deboe@ogletreedeakins.com
*Counsel for Defendants,*
*Seasons Hospice & Palliative Care of Southern*
*Florida, Inc. and Todd Stern*

## **CERTIFICATE OF SERVICE**

  I HEREBY CERTIFY that on March 7, 2016, I electronically filed the foregoing document with the Clerk of the Court using CM/ECF. I also certify that the foregoing document is being served this day on all counsel of record or pro se parties identified on the attached Service List in the manner specified, either via transmission of Notices of Electronic Filing generated by CM/ECF or in some other authorized manner for those counsel or parties who are not authorized to receive electronically Notices of Electronic Filing.

              s/ *Michael R. Tricarico*
              Michael R. Tricarico

**SERVICE LIST**
*Zolia Lopez v. Seasons Hospice & Palliative Care of Southern Florida, Inc.*
*and Todd Stern, Individually*
*Case No. 1:16-cv-20739-JLK*
*United States District Court, Southern District of Florida*

Jason S. Remer
jremer@rgpattorneys.com
REMER & GEORGES-PIERRE, PLLC,
44 West Flagler Street
Suite 2200
Miami, Florida 33130
Telephone:  305.416.5000
Facsimile:   305.416.5005

*Counsel for Plaintiff, Zolia Lopez*

Method of Service: *CM/ECF*

Michael R. Tricarico
michael.tricarico@ogletreedeakins.com
Paul DeBoe
paul.deboe@ogletreedeakins.com
OGLETREE, DEAKINS, NASH,
 SMOAK & STEWART, P.C.
701 Brickell Avenue, Suite 1600
Miami, Florida 33131-2813
Telephone:  305.374.0506
Facsimile:   305.374.0456

*Counsel for Defendants,*
*Seasons Hospice & Palliative Care of Southern*
*Florida, Inc. and Todd Stern*

23826094.1